IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUICKFRAME SYSTEMS, INC.,
a Nevada Corporation

      Plaintiff,

  v.

ANTHONY J. GODINA; and
DOES 1-10, inclusive,

      Defendants.
_____/

No. 2:10-cv-02599 JAM KJN PS

ORDER

On April 28, 2011, the parties came before the undersigned for a status (pretrial scheduling) conference. Attorney Stephen Hamilton appeared on behalf of plaintiff Quickframe Systems, Inc. (the "plaintiff").[1]  Defendant Anthony J. Godina (the "defendant") appeared pro se on his own behalf.

During the status conference on April 28, 2011, the parties verbally agreed to participate in an early settlement conference before the undersigned on June 28, 2011, at 9:00 a.m.  Both parties also verbally consented to having the undersigned serve as the settlement

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order entered October 8, 2010. (Dkt. No. 8.)

1

judge.

Following the status conference, the undersigned issued an order requiring both parties to file written statements confirming their consent and waiving any claim of disqualification, pursuant to Local Rule 270(b). (Order, Dkt. No. 15.) That order also required both parties to file "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms. The order required the parties to file their written statements and consent/non-consent forms by May 12, 2011. (Id.)

Plaintiff has since filed a written statement waiving disqualification and confirming that it consents to the undersigned serving as the settlement judge. (Dkt. No. 17.) Plaintiff has also since filed its "Consent to / Decline of Jurisdiction of US Magistrate Judge" form. (Dkt. No. 16.)

Defendant, on the other hand, has filed neither such document. Defendant is currently in violation of the court's order. Defendant's failure to timely comply with the court's order has delayed the issuance of the Status (Pretrial Scheduling) Order. Without defendant's "Consent to / Decline of Jurisdiction of US Magistrate Judge" form, the proper trial judge cannot be determined and the case cannot be properly set for trial. Defendant's failure to timely comply with the court's order also hinders the parties' requested early settlement conference, which is currently set before the undersigned on June 28, 2011. Without defendant's written waiver of disqualification and consent to having the undersigned serve as the settlement judge, the settlement conference cannot go forward as scheduled.

While defendant is a non-attorney who is representing himself in this case, and while the undersigned appreciates the difficulties pro se parties often face, defendant was informed both verbally and in writing of his obligation to file the above-described documents. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover,

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Accordingly, by May 26, 2011, defendant is ordered to file a writing explaining his failure to timely comply with the court's order dated April 28, 2011, and showing cause why he should not be sanctioned for violating a court order. Also by May 26, 2011, defendant is again ordered to file the "Consent to / Decline of Jurisdiction of US Magistrate Judge" form, which is available both from the Clerk's Office and from the court's docket in this matter at Docket Number 9. Finally, by May 26, 2011, defendant is again ordered to file a written statement confirming his consent to the undersigned serving as the settlement judge and waiving disqualification in accordance with Local Rule 270(b).

Defendant's failure to comply with this order by May 26, 2011, may result in sanctions and may cause the settlement conference set for June 28, 2011, to be vacated. Should defendant fail to comply with this order by May 26, 2011, the court will issue a Status (Pretrial Scheduling) Order setting the matter for trial before the district judge.

IT IS SO ORDERED.

DATED: May 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE