1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   QUICKFRAME SYSTEMS, INC.,
     a Nevada Corporation
11
                Plaintiff,                          No. 2:10-cv-02599 JAM KJN PS
12
           v.
13
     ANTHONY J. GODINA; and
14   DOES 1-10, inclusive,

15             Defendants.                          ORDER
     _____/
16

17             On April 28, 2011, the parties came before the undersigned for a status (pretrial

18   scheduling) conference.  Attorney Stephen Hamilton appeared on behalf of plaintiff Quickframe

19   Systems, Inc. (the "plaintiff").[1]   Defendant Anthony J. Godina (the "defendant") appeared

20   without counsel (or "pro se") on his own behalf.

21             During the status conference on April 28, 2011, the parties verbally agreed to

22   participate in an early settlement conference before the undersigned on June 28, 2011, at 9:00

23   a.m.  Both parties also verbally consented to having the undersigned serve as the settlement

24   _____

25        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was referred to the undersigned by an order
26   entered October 8, 2010.  (Dkt. No. 8.)

                                              1

1  judge.

2          Following the status conference, the undersigned issued an order requiring both

3  parties to file written statements confirming their consent and waiving any claim of

4  disqualification, pursuant to Local Rule 270(b).  (Order, Dkt. No. 15.)  That order also required

5  both parties to file "Consent to / Decline of Jurisdiction of US Magistrate Judge" forms.  The

6  order required the parties to file their written statements and consent/non-consent forms by May

7  12, 2011.  (Id.)

8          When defendant failed to timely file a written statement waiving disqualification

9  and confirming his consent to the undersigned serving as the settlement judge, and also failed to

10 timely file his "Consent to / Decline of Jurisdiction of US Magistrate Judge" form, the court

11 issued an Order to Show Cause ("OSC").  (OSC, Dkt. No. 18.)  The OSC required defendant to

12 file a writing explaining his failure to timely comply with the court's order dated April 28, 2011,

13 and showing cause why he should not be sanctioned.  The OSC also ordered defendant to file the

14 documents that would bring him into compliance with the court's order dated April 28, 2011.

15 The OSC also notified defendant that his failure to do comply might result in sanctions and might

16 result in the settlement conference being taken off-calendar.

17         While defendant is a non-attorney who is representing himself in this case, and

18 while the undersigned appreciates the difficulties pro se parties often face, defendant was

19 informed both verbally and in writing of his obligation to file the above-described documents.

20 The OSC (Dkt. No. 18) explained as much. The OSC also explained that Eastern District Local

21 Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any

22 order of the Court may be grounds for imposition by the Court of any and all sanctions

23 authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern

24 District Local Rule 183(a) provides, in part:

25          Any individual representing himself or herself without an
            attorney is bound by the Federal Rules of Civil or Criminal
26          Procedure, these Rules, and all other applicable law.  All

2

1   obligations placed on "counsel" by these Rules apply to
2   individuals appearing in propria persona.  Failure to
    comply therewith may be ground for dismissal . . . or any
3   other sanction appropriate under these Rules.

4   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

5   same rules of procedure that govern other litigants.").

6          The undersigned will give defendant one final chance to bring himself into

7   compliance with these court orders without the imposition of monetary sanctions.  Accordingly,

8   by June 21, 2011, defendant is ordered to file a writing explaining his failure to timely comply

9   with the court's order dated April 28, 2011, and showing cause why he should not be sanctioned

10  for violating court orders.  Also by June 21, 2011, defendant is again ordered to file a written

11  statement confirming his consent to the undersigned serving as the settlement judge and waiving

12  disqualification in accordance with Local Rule 270(b).[2]

13         Defendant's failure to comply with this order by June 21, 2011, may result in

14  defendant's being sanctioned and may cause the settlement conference set for June 28, 2011, to

15  be vacated.

16         IT IS SO ORDERED.

17  DATED:  June 6, 2011

18

19                                              _____
                                                KENDALL J. NEWMAN
20                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24  _____

25      [2]  As the court's previous order stated, defendant's failure to file a "Consent to / Decline of
    Jurisdiction of U.S. Magistrate Judge" form by the court's ordered deadline has been construed as
26  a decline of jurisdiction, and a Pretrial Scheduling Order setting the matter for trial before the district
    judge will be forthcoming.

                                              3